**Dated: April 16, 2014**

**The following is ORDERED:**



*Tom R. Cornish*

TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | CASE NO. 13-80583– TRC |
| BILLY JOE HOWELL, | CHAPTER 7 |
| dba Calvin Car Wash | |
| fdba B. J. Howell Trucking | |
| fdba B. J. Howell Oil & Gas | |
|                 Debtor. | |

Trout Valley Enterprises, Inc.
              Plaintiff,
v.                                                      Adv. No. 13-8017-TRC

B. J. Howell
              Defendant.

ORDER DENYING SUMMARY JUDGMENT WITH ORDER AND NOTICE OF TRIAL

      Before the Court is Plaintiff's Motion for Summary Judgment with Brief in Support and Defendant's Response in opposition to Plaintiff's Motion. The Court heard oral arguments of the parties on March 26, 2014. Having reviewed the arguments of the parties and the applicable law, the Court finds that Plaintiff has not met its burden to establish that it is entitled to summary judgment, therefore this matter should proceed to trial.

      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)((I).

Plaintiff seeks to except its state court judgment against Defendant from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4).  To prevail on a motion for summary judgment Plaintiff must establish that there are no material facts in dispute and Plaintiff is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  As movant, Plaintiff bears the burden of demonstrating these two elements by a preponderance of the evidence in order to prevail and except its claim from discharge.  *See Grogan v. Garner*, 498 U.S. 279, 286-91 (1991).  To defeat Plaintiff's Motion, Defendant must set forth specific facts demonstrating the existence of a genuine issue for trial   *Spaulding v United Transp. Union,* 279 F.3d 901 (10th Cir. 2002).

Plaintiff's state court judgment against Defendant was entered on February 7, 2013 in the District Court of Hughes County, State of Oklahoma, after a non-jury trial held on October 26, 2009 and December 21, 2009.  The Journal Entry of Judgment states that Plaintiff was awarded $95,846.74 in actual damages and $10,000 in punitive damages for fraud against B. J. Howell and P. A. Energy, Inc.  Howell and P. A. Energy were also ordered to provide an accounting for oil and gas produced on certain properties.  The Journal Entry also states that the court did not rule on Plaintiff's request for a receivership or partition as those causes of action were not before the court at that time.  No other pleadings from the state court action have been provided for this Court's review.  Plaintiff submitted an affidavit stating that the state court action for fraud was commenced against Howell and P. A. Energy, Inc. in 2006.

The Adversary Complaint alleges that Defendant Howell, as an officer of P. A. Energy, owed a fiduciary obligation to Plaintiff, and alleges that Howell committed fraud by converting monies and equipment to himself, creating false and inflated invoices, failing to pay other

contractors, and that his actions were taken with fraudulent intent. It also alleges that the state court lawsuit was "an action to recover damages based upon basically the same facts" as were set forth in the Complaint, and that the state court lawsuit resulted in a finding of fraud. Defendant is pro se. He opposes Plaintiff's Motion for Summary Judgment on the grounds that if any of the judgment was based upon fraud, it was only for $10,000, and that the state court judgment is not final since there are other issues to be tried. Defendant's Answer contains a statement of facts denying that he committed fraud against Plaintiff. He points out to this Court that the state court decision was not entered until three years after the trial. He also states that Plaintiff's attorney in the state court action formerly represented him.

Plaintiff urges this Court to grant it summary judgment on the grounds of collateral estoppel; that is, that the Journal Entry of Judgment "for fraud" entered by the state court has preclusive effect in this proceeding, thus, its claim may be excepted from discharge. It is well-settled that collateral estoppel can be applied in bankruptcy to determine dischargeability claims. *See Grogan*, 498 U.S. at 284–85 n. 11. Federal courts generally afford preclusive effect to state court judgments. 28 U.S.C. §1738; *Allen v. McCurry*, 449 U.S. 90, 95 (1980). Federal courts look to state law to determine whether it is appropriate to give preclusive effect to a prior state court judgment. *Marrese v. American Academy of Orthopaedic* Surgeons, 470 U.S. 373, 379-80 (1985). Therefore, Oklahoma law regarding the preclusive effect of the judgment applies here.

In Oklahoma, collateral estoppel is known as issue preclusion. Issue preclusion applies where the issue sought to be precluded is the same as that involved in the prior judicial proceeding, the issue was actually litigated and resolved, and the determination of that issue was necessary to support the judgment in the prior proceeding. *In re Zwanziger,* 741 F.3d 74 (10th Cir. 2014) citing *Bronson Trailers & Trucks v. Newman*, 139 P.3d 885, 888 n. 9 (Okla. 2006);

*Salazar v. City of Oklahoma City*, 976 P.2d 1056, 1060 (Okla. 1999). The party seeking preclusive effect must produce proof of the terms of the prior judgment: "Those who rely on a judgment for its issue-preclusive force ... are duty-bound to produce—as proof of its terms, effect and validity—the *entire* judgment roll for the case which culminated in the decision invoked as a bar to relitigation." *Salazar*, 976 P.2d at 1061(footnote omitted). Oklahoma statute defines the judgment roll as "the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court...." Okla. Stat. tit. 12, §32.1.

Here, Plaintiff failed to provide the Court with the entire judgment roll from the state court proceeding, thus the Court is unable to determine which issues were litigated and actually determined in the state court case. *See Optima Oil & Gas Co., LLC v. Mewbourne Oil Co.*, No. CIV-09-145-C, 2009 WL 1773198, at *3 (W.D. Okla. June 22, 2009). The Journal Entry merely states that the judgment is based upon "fraud" but there are neither specific factual findings nor conclusions of law. The Journal Entry also refers to other causes of action that remain unresolved, therefore it is unclear to this Court whether it is a final, appealable order. Additionally, Defendant questions aspects of the state court proceeding, such as the length of time between the bench trial and judgment, and the role of Plaintiff's trial counsel after having previously representing Defendant. This raises issues as to whether he had a full and fair opportunity to litigate the claim of fraud against him in the state court action. *See Salazar*, 976 P.2d at 1060-61. Accordingly, this Court finds that on the record presented, Plaintiff has not met its burden to establish that issue preclusion applies to its state court judgment; thus, it is not entitled to summary judgment, and this case should proceed to trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment is **denied**.

IT IS FURTHER ORDERED that this matter shall proceed to trial. The parties shall submit a final Pre-Trial Order no later than **Wednesday, May 14, 2014**. The parties shall exchange and file Witness and Exhibit Lists no later than **Wednesday, May 14, 2014.** Also, on **Wednesday, May 14, 2014,** the parties are to provide copies of the exhibits to opposing counsel or pro se Defendant and submit two copies of the exhibits to the undersigned Judge. Exhibits admitted in Court shall be copies only and will not be returned to the parties. This matter is set for trial on **Wednesday, May 21, 2014, at 9:00 a.m. in the United States Courthouse, 4th and Grand Streets, Okmulgee, Oklahoma.**

###